# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIZABETH HARDISTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL Acting )<br>Commissioner of the Social Security )<br>Administration,[1] )<br>)<br>Defendant. ) | Cause No. 1:16-cv-2575-WTL-DML |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Elizabeth Hardister requests judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court rules as follows.

## I. PROCEDURAL HISTORY

Hardister protectively filed her applications on March 17, 2010, alleging onset of disability on February 5, 2010. The Social Security Administration ("SSA") initially denied Hardister's application on April 30, 2010. After Hardister timely requested reconsideration, SSA again denied her claim on July 13, 2010. Thereafter, Hardister requested a hearing before an Administrative Law Judge ("ALJ"). A prior ALJ held a hearing on November 23, 2011, at which Hardister, a vocational expert, and a medical expert testified. The prior ALJ held a supplemental hearing on June 8, 2012, at which Hardister, a vocational expert, and two medical experts testified. The prior ALJ issued his decision denying Hardister's applications on June 22,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

2012. After the Appeals Council denied Hardister's request for review on August 6, 2013, Hardister filed an action seeking judicial review on October 4, 2013. The Court issued a decision on January 21, 2015, remanding the case for further proceedings. Pursuant to the Court's decision, the Appeals Council issued an order on April 13, 2015, which specified the action the instant ALJ should take on remand. Another hearing was held before a new ALJ on October 26, 2015, at which Hardister, a vocational expert, and two medical experts testified. On December 29, 2015, the ALJ issued a decision again denying Hardister's applications. After the Appeals Council denied Hardister's request for review on July 27, 2016, Hardister filed this action again seeking judicial review on September 28, 2016.

## II. EVIDENCE OF RECORD

The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

## III. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[2]

At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month durational requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled."

---

[2]The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

## IV. THE ALJ'S DECISION

The ALJ found that Hardister met the insured status requirement of the Social Security Act, for her DIB application, through March 31, 2015. The ALJ found at step one that Hardister had not engaged in substantial gainful activity since her alleged disability onset date. At step two, the ALJ determined that Hardister had the severe impairments of bilateral shoulder joint dysfunction and rotator cuff tear, disorders of the spine, chronic obstructive pulmonary disease, obstructive sleep apnea, diabetes mellitus, coronary artery disease, and obesity. The ALJ determined Hardister had non-severe impairments of bilateral ptosis, bilateral cataracts, gastro esophageal reflux disease, colonic diverticulosis, reflux esophagitis, hiatal hernia, duodenitis, and affective disorder. The ALJ found at step three that these impairments did not, individually or in combination, meet or equal the severity of one of the listed impairments. The ALJ's residual functional capacity ("RFC") determination was as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: sitting for two hours at one time and a total of six hours in an eight hour workday; standing up to one hour at one time and a total of two to three hours in an eight hour workday; walking for fifteen to thirty minutes at one time and a total of two to three hours in an eight hour workday; lifting and carrying ten pounds occasionally and five pounds frequently; occasionally pushing/pulling and overhead reaching bilaterally; frequently operating foot controls; no climbing ladders, ropes, or scaffolds; occasionally climbing stairs with a hand rail; occasionally balancing, stooping, kneeling; no crawling or crouching; no exposure to unprotected heights; no concentrated exposure to dust, odors, fumes, other respiratory irritants, or extreme heat or cold; and occasional exposure to humidity.

R. at 451-52. The ALJ concluded at step four that Hardister could perform her past relevant work as a secretary and data entry clerk. Accordingly, the ALJ concluded that Hardister was not disabled.

4

## V. **DISCUSSION**

Hardister argues that the ALJ erred in seven respects, which the Court will address in turn, as necessary.

### A. The Administrative Record Following Consolidation of Claims

Hardister argues that the administrative record did not contain all of the exhibits from her consolidated claims and that the failure requires remand. The Commissioner argues that the exhibits identified by Hardister as missing are duplicates of other exhibits that were considered by the ALJ when making his decision and that the administrative record contained all the relevant exhibits. The Commissioner provides several examples of exhibits that were in fact duplicates, but did not provide an exhaustive listing of all of the exhibits Hardister asserted were missing. In her reply, Hardister admits that some of the exhibits were duplicated elsewhere in the record, but maintains that others were not a part of the record at the time of the ALJ's decision. Upon a careful review of Hardister's attachments showing the administrative record on certain dates and the contentions of both parties, the Court finds that several exhibits initially identified in Hardister's first brief as missing were not included or duplicated in the administrative record before the ALJ at the time of his decision. The missing exhibits include B1E through B7E, R. at 982-1025, and B10F through B11F, R. at 2279-88. The Court will address the merits of Hardister's argument that the failure to consider these exhibits was reversible error.

The procedural history in this case is important. Hardister initially applied for benefits on March 17, 2010. After SSA denied her applications, Hardister prevailed in securing remand in a prior civil action before this Court that was decided on January 21, 2015. Pursuant to the Court's decision, the Appeal Council issued an order that included the following instructions:

> The claimant filed subsequent claims for a period of disability, disability
> insurance benefits and supplemental security income benefits on October 4, 2013.

5

> The Appeals Council's action with respect to the current claims renders the subsequent claims duplicate. Therefore, the Administrative Law Judge will consolidate the claims, create a single record, and issue a new decision on the consolidated claims (20 CFR 404.952, 416.1452, HALLEX I-1-10-10).
>
> In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing and address the additional evidence submitted, take any further action needed to complete the administrative record and issue a new decision.

R. at 592. When a case is remanded by the Appeals Council, SSA's regulations state, "[t]he administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b) (emphasis added). Here, the ALJ failed to follow the Appeals Council's order to properly consolidate the claims and "create a single record" in order to "address the additional evidence submitted" for the various claims. R. at 592. As noted above, the administrative record before the ALJ did not contain all the exhibits pertaining to Hardister's October 4, 2013, applications for SSI and DIB that were supposed to be consolidated with her March 17, 2010, applications. The Court finds it troubling that at this point in the procedural history a decision has not been rendered on all of the available evidence in connection with Hardister's various applications. While Hardister did not mention the deficiency in her exceptions to the Appeals Council, the Court evaluates the ALJ's decision based on the evidence available to that decision maker at the time of the decision. Hardister notified the ALJ of the deficiency with the record in a letter dated August 31, 2015. R. at 859. Despite being given notice of the deficiency, the ALJ failed to fully comply with the Appeals Council order. This failure constitutes error that requires remand.[3]

---

[3] The Commissioner makes no harmless error argument in connection with the ALJ's failure, and the Court finds that the error was not harmless. Among the missing exhibits were "E" exhibits, detailing Hardister's complaints in connection with her October 4, 2013 applications. R. 982-1014. Hardister noted treatment for "vision issues." R. at 990. She stated, "Sitting does not alleviate shoulder and neck pain." R. at 1002. She complained that normal

6

## B. Hardister's Other Arguments

Having found remand necessary to consider a complete administrative record of all of Hardister's consolidated claims, the Court declines to reach each of Hardister's six other assignments of error. However, the Court notes that Hardister argues that the ALJ's opinion is not supported by the record because Dr. Pella's opinion is not supported by the record. While the Court is not persuaded by Hardister's specifically articulated argument, it is noteworthy that Dr. Pella's opinion was given weight by the ALJ in part because he had the opportunity to review the entire record. However, the record was deficient in that it was missing the consultative examination above. On remand, the Commissioner should make a determination based on a complete record and review the weight given the various medical opinions accordingly. Hardister also argues that her eye impairments were not considered severe, due to her response to surgery, but that the decision fails to assess the severity for the entire period at issue, rather than simply at the date of the decision. This should be clarified on remand in light of the complete record. Hardister also makes a related argument that her bilateral shoulder impairment was evaluated for its functional impact only at the time of the decision, after surgical correction, rather than assessing the functional impact throughout the period at issue. For

---

daily "tasks take an increased amount of time." R. at 1009. The ALJ carefully examined the "E" exhibits that were a part of the administrative record for Hardister's contemporaneous complaints, for example, in evaluating whether Hardister's visual impairments met the durational requirement to be severe. R. at 448. The Court cannot conclude that the missing "E" exhibits would have had no impact on the ALJ's decision. In addition, the missing medical evidence also included a consultative examination of Hardister performed at SSA's request on December 7, 2013. R. at 2284-88. The examiner noted with regard to range of motion testing of Hardister's shoulders, "[t]his did cause her significant pain and her effort was appreciated." R. at 2286. The ALJ specifically found it noteworthy that treating sources "fail to document instances of acute distress or clinically observed pain behavior" in evaluating Hardister's RFC. R. at 454. Hardister attempted to submit available medical evidence after she noted the administrative record was deficient. R. at 859. However, this consultative examination ordered by SSA with the results sent to the Disability Determination Bureau would not have been readily available to Hardister. Tr. 2288. Moreover, an independent examination may have carried significant weight with both the ALJ and the medical expert who testified, Dr. Pella.

example, Dr. Pella seemed to agree that his opined restrictions would not apply for the period of time Hardister was dealing with a rotator cuff tear, but he couldn't "tell from the record how long that may have lasted." R. at 506. On remand, with the benefit of the full record including the consultative examination noted above, the agency should make every effort to evaluate Hardister's functioning throughout the now lengthy period at issue to determine if and when she may have met the definition of disability.

## VI. <u>CONCLUSION</u>

For the reasons set forth above, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with the Court's Entry.

SO ORDERED: 1/31/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification